Filed 5/24/13  P. v. Edmond CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B243593 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA068998) |
| v. | |
| RICHARD EDMOND, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Leslie A. Dunn, Judge.  Affirmed.

Linn Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Richard Edmond entered a negotiated plea of no contest to two counts of second degree robbery and admitted a Penal Code section 12022.5, subdivision (a) personal gun-use allegation. In conformity with the plea agreement, the trial court sentenced defendant to 10 years in prison. Defendant's plea pertained to robberies of employees of two different Rite Aid stores on Ventura Boulevard on September 21 and 26, 2011. According to the probation report, defendant and two accomplices committed the robberies, with one member of the group driving and remaining in the car and the other two donning masks, entering the stores with guns, pointing the guns at store personnel, and removing money from cash registers and the safe. A witness to the September 21, 2011 robbery provided a license plate number to the police, who kept the vehicle under surveillance. Police followed the vehicle to and from the September 26, 2011 robbery, arrested defendant and his accomplices, and recovered the money taken from the store.

Defendant and his accomplices were charged with two counts of kidnapping for robbery, four counts of second degree robbery, and one count of assault with a firearm. A Penal Code section 12022.53, subdivision (b) enhancement was alleged as to each count. At the sentencing hearing, the remaining five counts were dismissed and the prosecutor promised not to pursue the investigation of crimes committed at eight other drug stores and one grocery store in the San Fernando Valley between July and September of 2011.

About two months after he was sentenced, defendant wrote the trial court a letter asking that his sentence be reduced. Defendant challenged the sufficiency of evidence and said he only pleaded no contest to protect his "codefendants and family friends from possibly facing life in prison in trial for 'kidnap for robbery.'" Although defendant's letter did not request a certificate of probable cause and was not "executed under oath or penalty of perjury," as required by Penal Code section 1237.5, subdivision (a), the trial court granted him a certificate of probable cause.

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to

independently review the record. On February 21, 2013, we advised defendant he had 30 days within which to personally submit any contentions or issues he wished us to consider. To date, we have received no response.

Although the trial court issued a certificate of probable cause, Penal Code section 1237.5 provides, "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." Because defendant's letter did not meet the requirements of subdivision (a) of this statute, the trial court improperly granted a certificate of probable cause and defendant was limited to raising (1) "[t]he denial of a motion to suppress evidence under Penal Code section 1538.5" or (2) "[g]rounds that arose after entry of the plea and do not affect the plea's validity." (Cal. Rules of Court, rule 8.304(b).) No suppression motion was made in this case and the claims raised in defendant's letter were not matters arising after entry of the plea.

Even if we were to give effect to the improperly issued certificate of probable cause, defendant's no contest plea constituted an admission of every element of the charged offenses and enhancement. (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1177.) "[I]ssues going to the determination of guilt or innocence are not cognizable on appeal; review is instead limited to issues going to the jurisdiction of the court or the legality of the proceedings, including the constitutional validity of the plea." (*Id.* at p. 1178.)

We have examined the entire record and have found that no arguable issues of any sort exist. We are satisfied that defendant's attorney has fully complied with her responsibilities. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

MALLANO, P. J.

We concur:

ROTHSCHILD, J.

CHANEY, J.

4